UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHAD FOREMAN, on his own
behalf and on behalf of others
similarly situated,

      CASE NO.

    Plaintiff,

v.

SUPERB CABLE CONNECTIONS, LLC.,
a Florida Limited Liability Company, and
ROSHAUN CUNNINGHAM, Individually,

    Defendant(s).
_____/

## COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHAD FOREMAN (hereinafter referred to as "Plaintiff"), on behalf of himself and other non-exempt groundmen and/or linemen, by and through undersigned counsel, files this Complaint against Defendants, SUPERB CABLE CONNECTIONS, LLC ("SCC") and ROSHAUN CUNNINGHAM ("Cunningham") (hereinafter collectively referred to as "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and others similarly situated current and former non-exempt groundmen and/or linemen employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to an award of reasonable

attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

2. Specifically, Plaintiff complains that he, as well as other similarly situated, non-exempt groundmen and/or linemen, were regularly required and/or permitted to work overtime while employed by the Defendants, but that Defendants systematically failed to pay Plaintiff and their other similarly situated employees their full overtime wages due, because of Defendants' company-wide policy/practice of improperly misclassifying each of their groundmen and/or linemen as independent contractors whom they determined were not entitled to additional overtime wages for their hours worked in excess of forty (40) in a workweek.

3. To that end, Plaintiff complains that Defendants paid him and each of the other similarly situated, non-exempt groundman and/or lineman a set day rate, regardless of the number of hours worked, but failed to pay additional half-time overtime wages for their hours worked above forty (40) in a workweek, and thus failed to pay such employees the full and proper overtime due under the FLSA in weeks in which they worked in excess of 40 hours a week.

4. Based on Defendants' company-wide policy, as described in the foregoing paragraphs, Plaintiff, and those employees similarly situated to Plaintiff, were not paid full and proper overtime premiums for all hours worked in violation of the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 40 in a week.

5. Plaintiff brings a collective action under the FLSA, against Defendants, to recover

unpaid wages owed to him and all other similarly situated current and former groundman/lineman employees of Defendants who worked for Defendants at any time during the three-year period prior to the date this Complaint was filed up to the present ("Collective Members"). These putative Collective Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## JURISDICTION and VENUE

6.     Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

8.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9.     This Court has personal jurisdiction over Defendants because the instant claims arose from acts/omissions committed by Defendants in this District and Defendants conduct sufficient business operations in this District to confer both general and specific personal jurisdiction over Defendants.

10.    Venue is proper in this Court because the Plaintiff resides within the District and Defendants maintain business operations within the District.

## PARTIES

11.    At all times material hereto, Plaintiff was and continues to be a resident and citizen

of Florida.

12. Further, at all times material hereto, Plaintiff was a non-exempt groundman/lineman and performed related activities within and outside of this District in connection with his employment with Defendants, each of which are located in Palm Beach County, Florida.

13. At all times material hereto Defendant, SCC, was, and continues to be a Florida Limited Liability Company.

14. At all times material hereto, Defendant, SCC, was, and continues to be, engaged in business in Florida, with a principal place of business in Palm Beach County, Florida.

15. At all times material hereto, Defendant, Cunningham, was, and is a citizen and resident of Florida.

## COVERAGE

16. At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

17. At all times material hereto, Defendant SCC was Plaintiff's "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant Cunningham was Plaintiff's "employer" within the meaning of the FLSA.

19. Defendants each were, and continue to be, an "employer" within the meaning of the FLSA.

20. Upon information and belief, at all times material hereto, Defendant SCC's gross annual volume of sales/business was in excess of $500,000.

21. At all times material hereto, Defendant SCC was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

22. At all times relevant hereto, Defendant SCC assigned two or more of its employees, all of whom are/were based out of Florida, to perform wire/cable repair services across several states throughout the Southeast region of the United States.

23. At all times relevant hereto, Defendant SCC had two (2) or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including but not limited to cell phones, computers, fiber optic cables, cable rigging equipment, and other tools and safety equipment associated with their regular duties.

24. Defendant Cunningham, at all times material hereto, was and is the corporate officer and owner of Defendant SCC.

25. At all times material hereto, Defendant Cunningham exercised operational control over the day-to-day business activities of Defendant SCC with respect to its employees, including the Plaintiff and the Collective Members.[1]

26. At all times material hereto, Defendant Cunningham exerted operational control over SCC's day-to-day business activities with respect to Plaintiff and the other similarly situated groundmen/linemen by, among other means, assigning them to their particular projects; holding regular staff meetings, either in-person or by phone; delegating the duties they were to perform on each project; instructing them on how he expected the work to be

---

[1] The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

done; and supervising their performance on each project, doing so either in-person or by calling for updates during the day.

27.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

28.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## EMPLOYMENT RELATIONSHIP

29.     To be "employed" includes when an employer "'suffer[s] or permit[s] [the employee] to work.'" *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (citing 29 U.S.C. § 203(g)). "To determine whether an individual falls into the category of covered 'employee'…, courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Id.* "[T]he overarching focus of the [economic reality] inquiry is economic dependence…, [for which] the court focuses on whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Id.* (citing *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301-02 (5th Cir. 1975). We refer to this inquiry as the "economic reality test." *See Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

30.     Here, Defendants had/have the power to hire and fire Plaintiff and the Collective Members.

31.     Plaintiff and the Collective Members were hired directly through Defendant Cunningham to work for Defendants as groundmen and/or linemen.

32. Plaintiff and the Collective Members performed work exclusively for Defendants during each of their relevant employment periods.

33. Plaintiff and the Collective Members did not have the ability to reject or deny work assignments without threat of termination or being refused subsequent work opportunities.

34. At all relevant times, Defendants dictated Plaintiff's and the Collective Members' assignments, including the duties that had to be performed, the locations where the work was to be performed, and the manner in which it had to be performed.

35. At all relevant times, Defendants directed and oversaw the work performed by Plaintiff and other Collective Members, doing so either in-person or by conveying instructions over the phone; required Plaintiff and other Collective Members to check-in with Defendant Cunningham via a group text message to record their time and/or attendance; arranged lodging accommodations for Plaintiff and other Collective Members when assigning them to jobs outside of the jurisdiction; and conducted both group and one-on-one staff meetings that Plaintiff and other Collective Members are/were required to attend.

36. At all relevant times, Defendants controlled virtually all aspects of Plaintiff's work.

37. At all relevant times, Defendants controlled Plaintiff's work assignments and schedule.

38. At all relevant times, Defendants required time off requests be made to and approved by Defendant Cunningham.

39. At all relevant times, Defendants determined the daily rate of pay for all Groundmen and/or Linemen who worked for them, including Plaintiff.

40. At all relevant times, Defendant Cunningham made the determination of whether to pay Plaintiff and others similarly situated overtime wages.

41. At all times relevant, Plaintiff and the Collective Members are/were economically dependent on Defendants.

42. At all times relevant, Defendants required Plaintiff and the other Groundmen/Linemen working for them to pay various expenses which were primarily for Defendants' benefit and for which they failed to provide reimbursement in whole or in part, including but not limited to gas and other transportation costs for out-of-state job assignments. Plaintiff and those similarly situated to him would not have otherwise incurred such costs in the ordinary course of their lives if they were not necessitated by their employment with Defendants.

43. Groundmen and Linemen are integral parts of Defendants' business model.

## STATEMENT OF FACTS

44. At all times relevant hereto, Plaintiff worked for Defendants as a non-exempt groundman.

45. Plaintiff worked in this capacity from approximately July 15, 2023, through August 12, 2024.

46. As a groundman, Plaintiff was paid a daily rate in exchange for his work performed for Defendants, without regard for the number of hours worked for Defendants each week.

47. During the relevant period of this action through the present, Defendants have employed, and continue to employ, dozens of individuals as groundman and/or lineman who were/are paid a day rate without regard for the number of hours they work each week.

48. Plaintiff, and those similarly situated to him, routinely worked, and continue to work, in excess of forty (40) hours per week as part of their regular job duties.

49. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

50. During the relevant period of this action, Defendants' failure to pay Plaintiff, and others similarly situated, their full and proper overtime premiums, resulted from a companywide policy, whereby Defendants paid their groundmen and/or linemen a day rate, without regard for their hours worked each day, and misclassified Plaintiff, and those similarly situated to him, as independent contractors, despite treating them as employees.

51. Defendants have violated Title 29 U.S.C. § 207 within the three (3) years preceding the filing of this Complaint, and continuing to date, in that: Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants, and no payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff, and those similarly situated to him, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff and the Collective Members are/were all non-exempt groundmen and/or linemen employed by Defendants within the three (3) years immediately preceding the filing of this Complaint.

53. Plaintiff and the Collective Members all performed the same or similar essential

job duties as one another.

54. Plaintiff and the Collective Members were subjected to the same pay provisions in that they were all non-exempt employees of Defendants who were paid a day rate, without regard for their number of hours worked, but were not properly compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks as a result of Defendants misclassifying them as independent contractors, despite treating them as employees.

55. Thus, the Collective Members are owed proper payment of overtime wages for the same reasons as Plaintiff.

56. The common policies, practices or schemes complained of herein were applicable to Plaintiff and the Collective Members.

57. Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

58. Rather, the same policy or practice which resulted in the improper payment of overtime to Plaintiff applied and continues to apply to all members of the collective. Accordingly, the class members are properly defined as:

> **All Groundmen and/or Linemen who worked for Defendants within the last three years, who were paid a day rate, who worked more than 40 hours in one or more workweeks, and who did not receive payment of overtime premiums of at least time and one-half their regular rate of pay for all hours worked above 40 in a workweek.**

59. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to properly pay overtime compensation with respect to Plaintiff and the Collective Members.

60. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices:

    (a)    case law;

    (b)    the FLSA, 29 U.S.C. § 201, *et seq.*;

    (c)    Department of Labor Wage & Hour Opinion Letters; or

    (d)    the Code of Federal Regulations.

61. During the relevant period of this action, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

62. Defendants have acted willfully in failing to pay Plaintiff and the Collective Members in accordance with the law.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

63. Plaintiff re-alleges and re-avers paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Throughout his employment with Defendants, and within the three (3) years preceding the filing of this Complaint, Plaintiff worked in excess of forty (40) hours per week but was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for hours worked above forty in a workweek.

65. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

66. At all times material hereto, Defendants failed, and continues to fail, to maintain proper/accurate time records as mandated by the FLSA.

67. To date, Defendants continue to pay their non-exempt employees a day rate and fail to pay such employees their FLSA mandated overtime pay at the proper rate of one-and-one-half times their regular rate of pay.

68. Defendants' actions in this regard are/were willful and/or showed/show reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

69. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

70. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for his hours worked over forty (40) per week, plus liquidated damages.

71. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. An award of unpaid overtime compensation due under the FLSA;

c. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

d. An award of prejudgment and post judgment interest;

e. Declaratory relief pursuant to the DJA and FLSA finding that all hours worked by Plaintiff and the Collective Members should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid at a rate at least equal to time and one-half of an employees' regular rate of pay;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November 11, 2024.

Respectfully submitted by,

/s/ *Corey L. Seldin*
Andrew R. Frisch, Esq.
Florida Bar No. 27777
Corey L. Seldin, Esq.
Florida Bar No. 1026565

**Morgan & Morgan, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com
Email: cseldin@forthepeople.com