UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:24-cv-81410-MATTHEWMAN

**CHAD FOREMAN, on his own
behalf and on behalf of others
similarly situated,**

      **Plaintiff,**

v.

**SUPERB CABLE CONNECTIONS, LLC.
and ROSHAUN CUNNINGHAM,**

      **Defendants.**
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION WITH
PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Chad Foreman ("Foreman") and Opt-in Plaintiff Derrick Pitt ("Pitt") (hereinafter collectively, "the Plaintiffs"), and Defendants, Superb Cable Connections, LLC and Roshaun Cunningham (hereinafter collectively, "the Defendants") (hereinafter, Plaintiffs and Defendants referred to together as "the Parties"), by and through their respective undersigned counsel, jointly move the Court for approval of the settlement reached by the Parties and to dismiss this action with prejudice, subject to retaining jurisdiction to enforce the terms thereof, and state as follows:

1. On November 11, 2024, Foreman filed the Complaint in this action, seeking to recover damages for himself and others similarly situated due to Defendants' alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), including unpaid overtime compensation, liquidated damages, and attorney's fees and costs. D.E. 1. On December 6, 2025, Pitt opted into this action by filing his Notice of Consent to Join. D.E. 9. Defendants have and continue to deny any wrongdoing and deny that Plaintiffs are entitled to any relief whatsoever. The Parties agree there is a bona fide, good-faith dispute regarding liability and damages on the Plaintiffs' claims.

2. To avoid the costs and inherent uncertainties of further litigation, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiffs' claims, fully settling this matter at the Zoom mediation conference held before Daniel T. Feld, Esq. on November 19, 2025. D.E. 39. The settlement was reached after investigation and discussion regarding information relating to Plaintiffs' claims, including but not limited to, the Plaintiffs employment classification, the time period Plaintiffs worked for Defendants, the hours Plaintiffs worked for Defendants, and the compensation Defendants paid to the Plaintiffs. The case involves disputed issues of liability and damages. Accordingly, Plaintiffs understand that the monetary consideration being paid as part of this settlement is a fair comprise of their claims.

3. Under *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor. The Parties respectfully request that the Court review and approve the settlement as fair and reasonable, stipulating that this Court shall dismiss the action with prejudice. The Parties agree to dismiss this action with prejudice, subject to this Court retaining jurisdiction solely to enforce the terms of the settlement agreement, if necessary. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

4. Separate undersigned counsel represents each of the Parties in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good-faith settlement of Plaintiffs' claims, which was reached after arm's-length negotiations. As a result, Plaintiffs and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Composite Exhibit "A."

5. The Parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiffs' attorneys' fees and costs, as negotiated by the Parties and as stated and

scheduled in the Settlement Agreement. Plaintiffs represent, and Defendants agree, that the allocation of attorneys' fees and costs reflected in the Settlement Agreement is reasonable. Furthermore, the Parties represent that the settlement amount allocated to attorneys' fees and costs were negotiated separately and without regard to the Plaintiffs' underlying claims for unpaid wages or any other claim brought in this action.

6. The Parties have also agreed to enter into a general release and confidentiality agreement, the terms of which are contained within the Parties' Settlement Agreement. The entry by Plaintiffs into the general release and confidentiality agreement was not a requirement to resolve Plaintiff's wage and hour claims and was entered into in exchange for the provision of a neutral employment reference, which is valuable consideration to each of the Plaintiffs. Further, the additional terms for the general release and confidentiality provisions of the Parties' Settlement Agreement were mutually negotiated through counsel, do not provide an unfair benefit to either of the Parties, and are in the best interests of all Parties.

7. The Parties stipulate there was a bona fide dispute as to Plaintiffs' claims and the Parties are resolving this matter to avoid the costs and time of continuing to litigate the issues, as well as the risks associated with continued litigation. All Parties have been represented by counsel throughout the litigation. The Parties agreed to the settlement terms after conferring with their respective attorneys.

8. Counsel for both Parties represent that this settlement was reached after arms-length negotiations, with no collusion concerning the terms of the settlement, and represents a fair compromise of Plaintiffs' disputed claims in this matter.

9. Counsel for both Parties also represent that continuing this litigation would necessitate further expenses, including additional costs and attorneys' fees.

      10.    Counsel for both Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

## MEMORANDUM OF LAW

Judicial review and approval of portions of this settlement are necessary to give it final and binding effect. *Lynn's Food Stores, Inc.*, 679 F.2d 1350.

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Tamayo v. Spice Resto-Lounge, Inc.*, 2016 WL 11547579, at *5 (S.D. Fla. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 11547580 (S.D. Fla. Sept. 28, 2016). The Court should be mindful of the strong presumption in favor of finding a fair settlement. *Ambiela v. Roko Investments 2 LLC*, 2023 WL 2244828, at *2 (S.D. Fla. Jan. 20, 2023), *report and recommendation*

*adopted*, 2023 WL 2240445 (S.D. Fla. Feb. 27, 2023) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (presumption of finding class action settlement fair adopted for use in FLSA settlement).

All relevant criteria support the final approval of the Settlement Agreement. First, courts have found no fraud or collusion when both parties were represented by counsel, and the amount paid to the plaintiff appears fair. *See August v. AtLarge, Inc.*, 2023 WL 1452200, at *1-2 (M.D. Fla. Jan. 10, 2023), *report and recommendation adopted*, 2023 WL 1441820 (M.D. Fla. Feb. 1, 2023) (settlement considered fair if parties represented by experienced counsel and when amounts recovered are not unreasonable on their face). All counsel involved are experienced in litigating claims under the Fair Labor Standards Act, and each counsel was obligated to and did vigorously advocate for their clients. There is no indicia of fraud or collusion with respect to this proposed settlement, which was reached after arm's-length negotiations. Ultimately, represented by experienced counsel, the Parties have agreed to this settlement as a fair and reasonable resolution of this case, in light of the dispute over the merits of Plaintiffs' claims and the expense and uncertainty of protracted litigation.

The complexity, expense, and length of future litigation also militate in favor of this settlement. If the Parties continued litigating this matter, they would be forced to engage in extensive and expensive trial preparation. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

Third, sufficient investigation and information exchange have allowed counsel and the Court to act intelligently in this matter. The Parties reached the settlement of this action after engaging in extensive discovery, including exchanging information and documentation regarding Plaintiffs' hours, schedules, pay, and other related information, and taking of both Plaintiffs' and Defendants' depositions. In agreeing upon the proposed settlement, the Parties had sufficient

information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining the fairness of the settlement is the reasonableness of the attorneys' fees. *Ambiela,* 2023 WL 2244828, at *3. *Id.* Although the FLSA does not require the Court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action, *see Helms v. Central Fla. Reg. Hosp.,* 2006 U.S. Dist. LEXIS at *7, the Parties agree that the amount negotiated and agreed upon as attorney's fees and costs is reasonable based on the time spent by Plaintiffs' counsel in prosecuting and resolving the Plaintiffs' claims, the risks involved, and the total settlement value and benefit obtained by the Plaintiffs. The Parties negotiated the Plaintiffs' attorney's fees and costs separate and apart from, and not in proportion to or as a portion of the amount being paid to the Plaintiffs. *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, both Parties request that this Court find the proposed attorneys' fees reasonable under the circumstances.

WHEREFORE, the Parties jointly request that the Court approve the parties' settlement and dismiss this action with prejudice, and additionally request that the Court reserve jurisdiction to enforce the settlement terms.

Respectfully submitted this 1st day of December 2025,

| | |
|---|---|
| /s/ Corey L. Seldin | /s/ Adi Amit |
| Andrew R. Frisch, Esq. | Adi Amit, Esq. |
| Florida Bar No.: 27777 | Florida Bar No. 35257 |
| Corey L. Seldin, Esq. | **Adi Amit, P.A.** |
| Florida Bar No.: 1026565 | 101 Centre |
| **Morgan & Morgan, P.A.** | 101 NE Third Ave., Suite 300 |
| 8151 Peters Road, Suite 4000 | Fort Lauderdale, Florida 33301 |
| Plantation, Florida 33324 | Telephone: (954) 533-5922 |
| Telephone: (954) 807-7765 | Email: adi@defenderofbusiness.com |
| Email: afrisch@forthepeople.com | **Counsel for Defendants** |
| Email: cseldin@forthepeople.com | |
| **Counsel for Plaintiffs** | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of December 2025, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Corey L. Seldin*
Corey L. Seldin, Esq.
